979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
James NASSAR, Defendant-Appellant
 No. 92-50174.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Nov. 18, 1992.
 
 Before D.W. NELSON, CYNTHIA HOLCOMB HALL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Nassar appeals his sentence of 21 months imprisonment. Nassar pled guilty to conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) and § 846. Appellant is a 54-year-old first time offender who was arrested after mailing five ounces of cocaine to his former son-in-law. We affirm the court below.
 
 
 3
 Nassar's claim is essentially that the district court erroneously believed it could not depart downward from the sentencing guideline range on the basis of aberrant behavior. Appellant argues that the aberrant behavior departure is warranted because his involvement with crime was limited to this incident over a lifetime of steady employment and family life.[1] In response, the government argues that the district court exercised its discretion and chose not to depart downward. In the latter case, this court would not have the authority to review the district court's refusal to depart downward. United States v. Morales, 961 F.2d 1428, 1431 (9th Cir.1992).
 
 
 4
 After reviewing the transcript of the sentencing hearing, the panel finds that the district court properly exercised its discretion, thereby removing its decision from appellate review. Nassar contends that the following statement by the district court indicates that he felt he was unable to depart downward:
 
 
 5
 ... the Guidelines, you know--use your good offices to change the Guidelines. I can't change them, and I am not going to do it the way you are suggesting. It is totally incorrect. So the Guidelines require the Court to sentence him. Best I can do for him is sentence him to the lower end.
 
 
 6
 The district court made this statement towards the end of the sentencing hearing; considered in the context of the sentencing hearing as a whole, however, these comments merely indicate the court's general frustration with the Guidelines.
 
 
 7
 Nassar also argues that the district court should have departed downward because his behavior was aberrant under U.S.S.G. Ch. I, Part A, 4(d). The record clearly shows, however, that the district court exercised its discretion not to depart on this ground, making the claim unreviewable. Other portions of the transcript reveal that the district court fully exercised its discretion in considering Nassar's appeal for a downward departure. For instance, the court made the following concluding remarks at the hearing:
 
 
 8
 I don't believe that you have identified, [Nassar's counsel], the requisite facts to warrant a downward departure. However, those facts will be taken into consideration as they relate to sentence. I will sentence him at the very bottom of the guidelines.
 
 
 9
 Thus, the district court's decision in this case is not reviewable.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant does not deny the conclusions of the presentence report that he was a casual drug user beginning in 1989 and that he tested positive for drugs twice in 1991